IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2089-FL

| | |
|---|---|
| DANIEL LANGLEY PHILLIPS, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| ERIK A. HOOKS, Secretary, N.C. Dep't of Public Safety, and JOHN HERRING, Superintendent, Maury Correctional Institution, | ) |
| Respondents.[1] | ) |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary judgment, (DE 13), pursuant to Federal Rule Civil Procedure 56. Petitioner timely responded to the motion. For the reasons stated below, the court grants respondents' motion.

## BACKGROUND

On March 30, 1998, petitioner pleaded guilty to second-degree murder, robbery with a dangerous weapon, first-degree burglary, conspiracy to commit robbery with a dangerous weapon, conspiracy to commit second-degree murder, and first-degree kidnapping in the Superior Court of

---

[1] Petitioner named "Dennis Daniels" as the respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Counsel for respondents represents that Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety, and John Herring, Superintendent of the Maury Correctional Institution are the proper respondents in this action. (See DE 13 at 1). The court has constructively amended the case caption to reflect the correct respondents in this action and will direct the clerk to so amend the caption on the docket.

Pitt County, North Carolina. (Tr. Plea (DE 1-2) 23-24). That same day, the state trial court sentenced petitioner to consecutive terms of 480-632, 169-212, 69-92, 69-92, 31-47, 79-104, and 63-85 months' imprisonment. (J. & Commitment (DE 1-2) 28-38). Petitioner did not appeal his convictions or sentence. (Pet. (DE 1) ¶¶ 8-9).

On March 5, 2003, petitioner, proceeding pro se, filed a motion for appropriate relief in the state trial court. (Pet. ¶ 11). On March 20, 2003, the trial court denied the motion. (Mar. 20, 2003, order (DE 1-2) 39-42). On April 21, 2005, the state trial court denied petitioner's motion for preparation of a stenographic transcript. (Apr. 21, 2005, order (DE 1-2) 38). On May 19, 2005, petitioner, proceeding pro se, filed a petition for writ of certiorari in the North Carolina Court of Appeals. (Pet. ¶ 11). On June 9, 2005, the North Carolina Court of Appeals denied certiorari. (June 9, 2005, order (DE 1-2) 43).

On April 16, 2018, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and alleged the following: (1) his September 20, 1995, confession was coerced and illegally obtained in violation of his constitutional rights; (2) his indictments were defective and the trial court lacked jurisdiction; (3) his due process rights were violated because he was treated as an adult even though he was only seventeen years old; and (4) he received ineffective assistance of counsel. The court conducted its initial review of the petition on December 20, 2018, and directed respondents to the respond to the petition. On March 7, 2019, respondents filed the instant motion for summary judgment, supported by a statement of material facts and memorandum of law. Petitioner filed a response in opposition on April 30, 2019, relying upon memorandum of law, opposing statement of material facts, and an appendix containing thirty-one exhibits of state court documents, letters, and affidavits.

# DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

B.     Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Once the state's highest court resolves the state post-conviction proceedings, the limitation period resumes. See, e.g., Holland, 560 U.S. at 635–36, 638; Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327–28.

AEDPA requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because petitioner did not appeal, his conviction became final no later than April 13, 1998, when the fourteen-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Thus, the statutory period began to run on April 13, 1998, and expired on April 13, 1999. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Petitioner filed the instant habeas petition on April 16, 2018, over nineteen years after the statute of limitations expired. Additionally, petitioner's post-conviction filings cannot toll the limitations period because petitioner filed his first motion for appropriate relief on March 5, 2003, after the AEDPA statute of limitations expired. See 28 U.S.C. § 2244(d)(2); Minter, 230 F.3d at 665. Accordingly, petitioner's petition is untimely.

Petitioner does not qualify for any of the alternative limitations periods set forth in § 2244(d)(1)(A). Petitioner does not allege that his claims are based on a new rule of constitutional law made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after his conviction became final. See 28 U.S.C. § 2244(d)(1)(C)-(D). Additionally, petitioner has presented no evidence suggesting a state impediment prevented him from filing earlier. Id. § 2244(d)(1)(B).

Petitioner also is not entitled to equitable tolling of the statute of limitations. Equitable tolling applies to the AEDPA's one-year statute of limitations only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2012). Equitable tolling under section 2244 is limited to "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Petitioner claims he is entitled to equitable tolling because he "has had only the assistance of marginally educated self-taught people called writ writers." Pet. (DE 1-4) at 1-2. However, unfamiliarity with the legal process, lack of representation, or illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases).

5

Petitioner also asserts that he is entitled to equitable tolling because he "stand[s] before the door of justice." Pet. (DE 1-4) at 7. To the extent petitioner argues his innocence, a petitioner "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (quotation omitted). "[T]enable actual-innocence gateway pleas are rare[.]" Id. To present such a claim, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner does not meet this exacting standard, thus, his claim of actual innocence fails.

Finally, petitioner asserts that he is entitled to equitable tolling because, "[T]he lateness and other associated problems were the result of the mind and actions of state agents. The state agents rendered the petitioner helpless to meet the rigorous demands of deadlines." Pet. (DE 1-4) at 9. This assertion is belied by the record as petitioner filed several pro se post-conviction motions and petitions. See Pet. (DE 1) at 3, (DE 1-2) at 38-42, 44.

In sum, the petition is untimely under AEDPA's one-year statute of limitations, and petitioner has not established the limitations period should be tolled. Accordingly, the court will dismiss the petition as untimely.

C.    Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. A certificate of appealability may only issue upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). After reviewing the claims presented in light of the applicable standard, the court determines a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondents' motion for summary judgment, (DE 13), and DISMISSES the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case, and to amend the caption as set forth in footnote one.

SO ORDERED, this the 19th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge